## Hendrick's Appeal.

1. Under Art. XVI., § 8 of the Constitution of Pennsylvania, and the Act of May 24th 1878 (P. L. 129), a property owner in a borough whose premises have sustained injuries by a change of the grade of the street from the natural grade, may recover damages therefor from the borough, with the same effect as though the change had been made from a grade previously established by the proper authorities.

2. Borough of New Brighton *v.* United Presbyterian Church, 15 Norris, 331, followed.

3. The Borough of Norristown, although not directly invested with the right of taking private property for public use, is liable for injuries caused to property owners by a change in the grade of the street made by the borough authorities.

April 17th 1883. Before Mercur, C. J., Gordon, Trunkey, Sterrett, Green and Clark, JJ. Paxson, J., absent.

Certiorari to and appeal from the decree of the court of common pleas of *Montgomery county :* Of January Term 1883, No. 211.

This was a certiorari to said court, and an appeal of Margaret Hendricks from its decree, sustaining the exceptions to and setting aside the report of a jury appointed to assess the damages caused to said Margaret Hendricks by a change of grade of Haws avenue in the Borough of Norristown.

The petition for said jury of viewers represented that "She, the said Margaret Hendricks, is the owner of two certain frame messuages and lots of land, situate on Haws avenue in the First ward of the borough of Norristown; that before she erected said dwelling houses as aforesaid, the borough of Norristown, through its corporate officers gave the grade of said avenue, and she built said houses on said lots of land conformably with said grade ; that afterward, to wit: on or about August 1881, the said borough changed the grade of said Haws avenue and proceeded to fill up said Haws avenue and are still engaged therein in comformity with the change of grade ; that by said change of grade and filling up of said avenue, the houses of the petitioner are greatly damaged, and the property of the petitioner rendered comparatively useless, and that in consequence thereof the petitioner had sustained damage ; that the petitioner had attempted to agree upon the proper compensation due the peti-

[Hendrick's Appeal.]

tioner for the damage sustained and to be sustained in conse-
quence of said change of grade and filling up, and had failed to
agree." She therefore petitioned the court for a jury to assess
her damages in conformity with the Act of Assembly approved
May 24th 1878, P. L. 129.

The court accordingly appointed five viewers, who assessed
the petitioner's damages at $747.

To this report the borough filed exceptions on the ground
that although Haws avenue was an open public street regularly
opened in due course of law, there was not sufficient evidence
to show that a grade had been established when the houses were
built, and that the first grade fixed was the one established in
1881, whereby the natural grade was raised about eleven feet
and that therefore the borough was not liable, as no grade could
be changed where none had previously existed.

From the depositions taken in behalf of the exceptions it
appeared that in 1871, Margaret Hendricks, desiring to build
on her lots, applied, through her husband, to the borough sur-
veyor for the grade on Haws avenue. Her husband was told
by the said surveyor that there was no grade but that he would
bring some regulators to view the premises and recommend
one; that the surveyor and two of the regulators went over the
ground, took levels and agreed upon a grade to recommend to
council for adoption. The surveyor marked the grade for peti-
tioner, and told her that it was the grade which would proba-
bly be adopted. This grade was never reported to councils and
never adopted by them.

The court (STINSON, P. J.), in an opinion filed, held that the
evidence was insufficient to prove that a grade had been estab-
lished prior to that of 1881; that the borough would not be
liable for injuries to the petitioner caused by a change from the
natural grade of the street. He, therefore, sustained the excep-
tions and set aside the report of the jury. Margaret Hendricks
thereupon took this appeal, assigning for error the said action
of the court.

*Chas. Hunsicker*, for the appellant.—A change from a nat-
ural grade is a change of grade just as clearly as a change from
a previously established artificial grade. In either case, com-
pensation must be made for the injuries caused thereby under
the Act of 1878: Borough of New Brighton v. United Pres-
byterian Church, 15 Norris 331.

*Louis M. Childs* and *Boyd*, for the appellee.—The borough
of Norristown has not the right to take private property for
public use and is not liable for consequential damages caused
by such taking under the Act of 1878. In New Brighton v.
The Church, 15 Norris 331, this court ruled that the Act of

1878 was the legislative execution of the 8th section of article 16th of the Constitution. If this be so the Act of 1878 can extend no further and comprehend no subjects other than those covered by the constitutional provision. The latter provides as follows:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

Is the borough of Norristown invested with this privilege? It can be so only by virtue of some legislative grant, and the only statutes from which such privilege could possibly be inferred are the Acts of March 26th 1853 and May 9th 1871. Under the Act of 1853 the borough authorities had nothing whatever to do with the taking of land. The streets were laid out by the commissioners, and their location was fixed and determined without the assent of the municipality, or without its having even the right to be heard, and afterwards the streets were to be opened by an order of the court of quarter sessions, founded upon a petition of the land owners, in which the borough had neither the right to control, advise nor demand a hearing. After these streets were thus opened the municipality was required to put and maintain them in good order and repair, but their right of control over them even to the limited extent necessary for these purposes did not begin until they had been actually opened by virtue of the order of the court. The borough was therefore not clothed by this Act with the power of eminent domain.

By the Act of 1871 the borough council was in effect authorized to prevent the opening of any street by failing to concur with the petitioners in their application to the quarter sessions. But no other change was made in the position of the borough authorities in relation to the streets. The discretion as to the opening of the streets, the determination of the question whether the necessity had yet arisen for the opening, the right of issuing the precept which was to authorize the taking, all remained in the court. The borough has not even the right to begin the proceeding by petition in the quarter sessions, but only the right to concur or refuse to concur with individuals in such application. The borough of Norristown is therefore not within the section nor the statute, and is not liable for these damages.

Mr. Justice GREEN delivered the opinion of the court, October 1st 1883.

It is due to the learned judge of the court below to say that at the time his opinion was filed the 15th volume of Norris' Reports had not been published, and the case of Borough of New Brighton v. United Presbyterian Church, p. 331, was not called to his attention. In that case it is expressly ruled that a change from the natural grade is a change of grade just as clearly as if changed from a grade previously made by the authorities. As the decision of the court below was based entirely upon the proposition that there had been no grade fixed, prior to that which was established in 1881, and occasioned the injury complained of, it is fair to presume that had the above cited case been known to the court, the decision would have been the other way. However that may be, while that case remains law (and we have no disposition to overrule it), a change from a natural grade has the same effect as a change from a grade previously established by the proper authorities. Therefore, when an owner has sustained injury by such change he may recover damages therefor, with the same effect as though the change had been from a previously established grade. An argument is now made that the borough of Norristown is not invested with the right of taking private property for public use, and hence is not subject to the operation of the 8th section of article 16 of the Constitution. The Act of March 26th 1853, P. L. 228, provides a somewhat complicated machinery by which the highways of the borough are to be laid out and opened, but it declares that when the proper surveys have been made and approved by the court," all said streets, roads, lanes and alleys so approved, shall be forever deemed, adjudged and taken to be public highways, and the survey so returned and recorded shall be and remain unalterable." The Act further provides that streets may be opened by order of the quarter sessions, on the petition of not less than seven citizens, and for the payment of damages occasioned thereby. It would be a very strained and narrow construction of the Constitution to hold that, because the power is not given to the municipal corporation directly, and of its own motion alone, to seize and appropriate the land of the citizen for its roads and streets, it is therefore not bound to make compensation, although the appropriation may be made through the courts and by the machinery provided. When the streets are opened, the citizens' land is appropriated to public use as a part of the highways of the borough, and by proper proceedings in the courts. If the authority of the courts must be invoked in order to complete the act of appropriation, and for that reason the right to compensation is to be taken away, the constitutional provision which forbids the taking or injury without compensation is practically nullified. The argument reaches as well to the taking as to the injuring. If it is

[Township of Mahanoy *v.* Comry, to use.]

unavailing for the one it is equally unavailing for the other. We are clearly of opinion it is not effective for either. In actual fact the land taken for streets is taken for the use of the borough within whose territory they are opened. The legal proceedings necessary to complete the taking are only the means, the machinery by which it is to be accomplished. In every kind of taking, whether by the direct act of the corporation exercising the right, or by force of preliminary orders of the courts, same kind of legal proceeding is necessary, in the absence of consent to perfect the title of the taker. Whether these proceedings relate simply to the assessment of damages, or whether in addition to that they include a previous judicial sanction, is immaterial to the present consideration. The right to compensation remains fortified by a protection in the organic law which cannot be overthrown. If there were really any distinction in this case between compensation for taking and for injuring, it is abrogated by the express language of the Act of ninth May 1871, P. L. 639, which directs that damages shall be assessed ." to the owners of lands injured," by the acts authorized by the first section. Moreover, by the terms of that Act the boroughs of Montgomery county directly participate in the laying out, opening, widening, vacating and changing of any of their streets, roads or alleys. The jurisdiction of the court is only to be exercised with the consent of the boroughs. For the reasons stated we are of opinion that the learned court below was in error in sustaining the exceptions to the report of viewers assessing damages. They should have been dismissed and the report confirmed.

Decree reversed and procedendo awarded at the cost of the appellee.