### MILLS *et al. v.* PARKHURST *et al.* [1]

(*Supreme Court, General Term, First Department.* February 14, 1890.)

1. ACTIONS—ELECTION OF REMEDIES.
    A creditor seeking to set aside an assignment for benefit of creditors cannot, pending his appeal to the court of appeals from the judgment rendered against him, prove his claim under the assignment over objections made by the other creditors.
2. ASSIGNMENT FOR BENEFIT OF CREDITORS—PROOF OF CLAIM—DIVIDENDS.
    The fact that a creditor assigned a judgment which he had obtained on a portion of his claim against the assignors to another creditor, who sued to set aside the assignment, in no way precludes the former from participating in the dividend upon the balance of his claim.
3. SAME—FIRM AND PRIVATE DEBTS—PREFERENCES.
    Where an assignment for benefit of creditors provides that the proceeds be used to pay the private debts of the assignor, including the debts of the firm of which he was a member, private debts have no preference over firm liabilities.

Appeal from special term, New York county.

Action by Philo S. Mills and others against J. Foster Parkhurst, as assignee for benefit of creditors of Henry W. Perine, and said Perine, for an accounting and a distribution of the assigned estate. Reuben O. Smith and the First National Bank appeal from the order settling the account of the assignee and striking out their claims.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Harmon & Chapman,* (*Benjamin S. Harmon,* of counsel,) for appellants. *Humphrey McMaster* and *J. W. Boothby,* for respondents.

VAN BRUNT, P. J. In January, 1884, the defendant Henry W. Perine was in business in Bath, N. Y., and also in the city of New York, with one Clarence Perine, under the firm name of Perine & Co. On the 30th of said month the defendant Henry W. Perine made an individual assignment for the benefit of creditors to the defendant Parkhurst. In and by this assignment, after preferring certain creditors, the assignor directed the assignee to pay out of the residue of the proceeds of the assigned property all the other private and individual debts owing by the assignor, including all the debts of the firm of which he was a member. Soon after this assignment was made, numerous creditors of the assignor proved their claims before the assignee, among them the First National Bank of Towanda and Reuben O. Smith, the appellants herein. In February, 1884, a payment was made by the assignee to the First National Bank of Towanda upon its claims. The appellant Smith, in September, 1884, recovered a judgment against the defendant Perine for upward of $5,000, and the First National Bank of Towanda obtained a judgment for upward of $14,000, which was duly assigned to Smith by the bank. Over and above the amount of these judgments, there was due from the assignor Perine to the bank the sum of $2,962.39. In October, 1884, Smith, the appellant, commenced an action in the supreme court to set aside the assignment, upon the ground that the same was fraudulent and void. From an inspection of the complaint in that action it would appear that the ground upon which such assignment was claimed to be fraudulent and void was that, by the said assignment, the defendant Perine directed his assignee to pay and distribute out of the proceeds of his individual property, among all his creditors, and all to whom he was liable, the residue of his property ratably and

[1] Modifying 5 N. Y. Supp. 730.

in proportion, making no distinction between his individual creditors and the creditors of the firm of Perine & Co., of which the assignor was a member. It was claimed that by this assignment individual and separate property was applied to the payment of the debts of the firm before paying in full the debts for which the assignor was individually liable, and that this was a fraud upon his individual creditors. The defendants denied the allegations of the complaint as to fraud, and upon the trial at special term the plaintiff was defeated, and the judgment thereupon entered was affirmed by the general term, from which decision the plaintiffs appealed to the court of appeals, which appeal is not yet determined.

Subsequent to the bringing of the action to set aside the assignment, and in February, 1886, this action was brought by the plaintiffs, on behalf of themselves and all other creditors of Perine, for an accounting on the part of Parkhurst, as assignee, and for a distribution of the assigned estate. An answer was interposed, and a referee was duly appointed to take and state the account of said assignee. The referee was directed, among other things, to ascertain and report the amount due to each of the creditors of the defendant Perine who should come in under said order, and seek the benefit of said action. Hearings were had before the referee, and the claims of the appellants theretofore filed with the assignee were duly filed with the referee, pursuant to the order of reference; the appellants serving notice that they protested against said proceedings for an accounting, and waived no rights or remedies theretofore exercised. Objections were made by certain attorneys for other creditors at various of the said hearings to the allowance of the appellants' claims, upon the ground that the latter were in hostility to the assignment by reason of the appeal pending in the court of appeals. The report of the referee was filed, allowing the claims of the appellants, and finding that all the claims proven belonged to the same class, and that the assigned estate should be distributed among the creditors without preferences or priority. The appellants excepted to the report on the ground that he should have found that, under the assignment, the claims of the individual creditors were entitled to a preference, and should be paid before the payment of any claims upon which the said Perine was liable only as a member of the firm of Perine & Co. Exceptions were also filed by the attorneys for one of the other creditors. to the allowance of the claims of the appellants, on the ground that, by the prosecution of the aforesaid action, the said Smith had elected to not accept or share under the assignment. The exceptions taken by the appellants were overruled, and the exceptions last named were sustained by the court at special term, and from the order and judgment thereupon entered the appellants have now appealed, it being stipulated that such appeal should raise only two questions: *First*, as to the right of the appellants, or either of them, to appear before the referee, and share under the assignment in the assets of the assigned estate; and, *second*, as to the rights of the appellants, or either of them, to the preference indicated, as being individual creditors of Perine.

It is urged on behalf of the appellants that the doctrine of election is not applicable to the facts as they appear in this case. It is a familiar principle that, where a creditor has two remedies, one of which is inconsistent with the other, he cannot prosecute both at the same time; and, although our attention has not been called to any authority directly upon the proposition now considered, yet it seems to us the principles established in reference to cases of an analogous character are such as not to leave much room for doubt. In order that an election shall be final and conclusive it is necessary that it should be made by a party having knowledge of all the facts affecting his rights. That the party has made a mistake in regard to the law as applicable to those facts does not in any manner affect the binding quality of an election once made. But where facts come to the knowledge of the creditor, which if known at the time of the alleged election would have impelled him to action different from

that which was actually taken, the cases hold that, upon a prompt rescission of that which had already been done, upon the discovery of this new condition of affairs, the creditor will not be held to the election so made. These principles are illustrated in the cases of *Conrow* v. *Little,* 115 N. Y. 387, 22 N. E. Rep. 346, and *Fowler* v. *Bank,* 113 N. Y. 450, 21 N. E. Rep. 172, and the cases there cited.

It seems also to be established that, although where an election has apparently been made, and proceedings in hostility to the assignment have been undertaken; where nothing has been secured; no profits gained by reason of the proceedings, and they have been abandoned,—then no election such as to be binding is held to have taken place. But in the case at bar, although the proceedings in hostility to the assignment have been unavailing to the appellant Smith, yet they have not been abandoned, but are being prosecuted, he having full knowledge of the condition in which the prosecution of the suit places him in reference to his right to participate in the dividends declared under the assignment. Our attention has been called to no adjudication which holds or intimates that a party may be actively pursuing his remedies in one proceeding, and at the same time may claim the benefits of another, where the one position is antagonistic to the other.

It is urged that the action to set aside the assignment is no longer in this court, and that the mere fact that the unsuccessful party is availing himself of the abstract right awarded him by law of seeking a review in the court of appeals of the final judgment of this court, does not in any manner impair the binding force of that judgment, or limit its scope, or change the *status* of the parties. Conceding these facts, the action to set aside the assignment, however, is still pending, although it may have been removed by the appellants to another court, and the plaintiff in the action is seeking to set aside this assignment, the benefits of which he is claiming before this court upon this appeal. He is proceeding in his hostile action; he has not abandoned it, and he still claims, and insists upon the claim, that the assignment in question is fraudulent, and that by reason of the filing of his bill he is entitled to preference over all the other creditors of the assignor to payments out of the estate attempted to be assigned. It is, however, urged that the creditors claiming under the assignment are estopped from making the objection, because, by the provisions of the assignment, the plaintiff in the action to set aside the same is entitled to be paid as well as the other creditors. It must be borne in mind that in an action of the description of the one at bar the creditors by filing their claims become parties to the action, and that the defendants as well as the plaintiffs are actors, and that the rights and interests between the defendants themselves may be adjudicated and determined. There seems to be no reason, therefore, why the other creditors of the assignor, being parties to the action by their having filed their claims, have not the same rights as any other person to contest and challenge the right that a part of the dividend due to them shall be abstracted by a creditor, who, because of his own action, has no right to avail himself of the benefits conferred by the assignment under which the creditors in general claim. As has already been intimated by the bringing of the action and the maintaining of the appeals, the appellant Smith has elected not to participate in the proceeds of the assignment, and there seems to be no reason why any person who is interested in the question of distribution cannot enforce that election.

It is further claimed that the appellants have a preference upon their claims under the assignment as individual creditors of the assignor, and we are referred to the rule in equity that partnership debts are primarily payable out of partnership assets, and individual debts out of individual assets, and that each class of debts is entitled to a preference over the other as respects the distribution of the corresponding fund. This principle is undoubtedly true, and is not disputed on the part of the respondents. But it is claimed by the ap-

pellants that, the principle once established, its application can be prevented only by express and unmistakable directions to the contrary in the instrument of assignment. Now, upon examination of the instrument of assignment, it seems to be perfectly clear that there is an intention expressed by the assignor that this property shall be devoted to payment of all his debts; and he expressly includes within that term those debts which were due by him because of his connection with the firm of Perine & Co. In the action to set aside the assignment by the appellant Smith that is the construction put upon the assignment, and it is claimed, because of that very provision in the assignment, .that it has fraud upon its face; and it seems to us that it would be a changing of the plain intention of the assignor to hold that any other direction was. intended by him to be given to the proceeds of the sale of the property assigned. It is clear and explicit that no distinction was to be made between those debts. which were strictly individual and those debts where his individual liability arose from his connection with the firm of Perine & Co.

We think, however, that the objection that the First National Bank of Towanda is entitled to a dividend upon its claim without reference to the action brought to set aside the action is well taken. This appellant has not brought any action to set aside the assignment. It has simply assigned the judgment which it obtained to the appellant Smith, and Smith, upon that judgment, and one that he obtained upon his own account, brought his action to set aside the assignment. The appellant the bank has made no election nor taken no proceeding in hostility to the assignment, and simply because the appellant Smith has made use of the judgment assigned to him in no way precludes the bank from participating in the dividend upon the balance of its. claim, as it had no control whatever over the use to which Smith should put the judgment assigned to him. It appears, however, that the bank has. received a dividend from the assignee of $837.97, leaving $2,124.42 due to the bank, upon which it is clearly entitled to a dividend from the estate of the assignor, Perine. We think the judgment should therefore be modified by directing that provision should be made for the bank's participating in any dividend upon the estate to the extent above mentioned, and, as modified,. affirmed, without costs. All concur.