LESS, Respondent, *v.* CITY OF BUTTE, Appellant.

(No. 1,508.)

(Submitted April 3, 1903.   Decided April 11, 1903.)

*Municipal Corporations — Streets — Establishing Grades — Damages to Property—Compensation—Constitution—Eminent Domain.*

1.   Section 14 of Article III of the Constitution is both mandatory and prohibitory, and it is also self-executing.
2.   *Obiter:* The constitution (Article III, Section 14) does not authorize a remedy for every diminution in the value of property that is caused by public improvements; the damages for which compensation is to be made

being a damage to the property itself, and not including mere infringement of the owner's personal pleasure or enjoyment.

3. Under Constitution, Article III, Section 14, declaring that private property shall not be "taken or damaged" for public use without just compensation, a landowner is entitled to compensation for damages owing to the grading of a street on which his property abuts, in accordance with a grade fixed by city, notwithstanding the fact that such grade is the first one ever fixed.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Andrew Less against the city of Butte. From a judgment for plaintiff, defendant appeals. Affirmed.

STATEMENT OF THE CASE BY THE COMMISSIONER WHO PREPARED THE OPINION.

On June 8, 1881, the owners of the ground included in the present Leggatt & Foster addition to the city of Butte platted the same in lots and blocks, with intervening streets, and filed a plat thereof with the county clerk of Silver Bow county, Montana. East Broadway street, designated upon the plat, is an extension of Broadway street in said city. On March 25, 1893, this addition was regularly annexed to the city of Butte, and East Broadway was dedicated to the city as a public street. Some time in the year 1893 the plaintiff became the owner of lot 9 in block 4, fronting on East Broadway in said addition, built upon his lot a two-story house, and made other improvements thereon, relying upon the grade of the street as it then existed, and in conformity to the street as the same was then traveled and used.

By an ordinance passed and approved July 17, 1895, a grade line was established along Broadway street, across and over the Leggatt & Foster addition, and in front of the lot owned by plaintiff. The grade thus established was the first and only grade established by the corporate authority of the city upon the street in front of the lot of plaintiff. Thereafter, on April 21, 1897, the city council passed a resolution ordering Broadway street excavated and graded from the east side of

Oklahoma avenue to the east side of Gaylord street, in front of plaintiff's property, to said grade line.

The city did not agree, or attempt to agree, with the plaintiff, upon the amount of damages which he would sustain to his premises on account of such change of grade and excavation, and did not pay or tender to plaintiff anything on account thereof, and did not appoint any freeholders to make an appraisement of the damages or of the benefits which would result to the plaintiff's premises by reason of the change of grade and excavation of the street; but pursuant to said resolution the city did, during the summer of the year 1897, proceed to grade and excavate the street so as to make the same conform to the grade line so established as aforesaid. The street in front of plaintiff's premises was thus graded and excavated to the depth of about seven feet, and the sidewalk in front of the plaintiff's house was located at about the same depth, in order to conform to the street as graded.

The plaintiff then presented his claim to the city council, demanding $500 damages because of the grading and excavation mentioned, but the city refused to pay the same, or any part thereof. The plaintiff thereupon began this suit. The case was tried upon an agreed statement of facts and upon oral testimony. At the conclusion of plaintiff's case the defendant moved the court for a nonsuit upon the ground "that the grade on Broadway street adjoining the property of the plaintiff was the first and only grade ever established on Broadway street, and under the laws of Montana in force at the time the city of Butte had a right to establish said grade to reduce the street in conformity to the grade established, and is not liable to the plaintiff by reason of any damages that he may have sustained by reason of the first establishment of the grade."

The court overruled the motion, and gave judgment for plaintiff in the sum of $500, as prayed for in his complaint. From this judgment the defendant appeals.

*Mr. Edwin M. Lamb,* for Appellant.

The establishment of a grade and the change of grade from the natural grade to such established grade is not within the meaning of Section 4940 of the Political Code. (Section 4800, Political Code; *Gardnier* v. *Town of Johnston,* 12 Atl. 891; *Aldrich* v. *Aldermen of Providence,* 12 R. I. 241.)

The establishment of a grade line and the change of the grade of a street to conform thereto, which lessens the value of abutting property, is not such damage by the public to private property as comes within the meaning of Section 14 of Article III of the Constitution. (Dillon on Municipal Corporations, 4th Ed., Secs. 995a, 995b, 995c; *Callender* v. *March,* 1 Pick. 431; *City of Denver* v. *Bayer* (Colo.), 2 Pac. 7; *City of Denver* v. *Vernia* (Colo.), 8 Pac. 659; *Rigney* v. *City of Chicago,* 102 Ill. 80; *Reardon* v. *City of San Francisco* (Cal.), 6 Pac. 326; *The Julia Building Association* v. *Bell Tel. Co.,* 88 Mo. 274.)

*Messrs. McHatton & Cotter,* for Respondent.

Section 14 of Article III of the Constitution changes the common law, gives a right which did not exist at common law, is self-executing, and entitles the plaintiff in this case to recover. (*Reardon* v. *San Francisco,* 66 Cal. 492; *Eachus* v. *Los Angeles C. Ry.,* 103 Cal. 614, 37 Pac. 750; *Holland* v. *U. P. Ry. Co.,* 14 Fed. 394; *Blanchard* v. *Kansas City,* 16 Fed. 444; *McElroy* v. *Kansas City,* 21 Fed. 257; *Rigney* v. *City of Chicago,* 102 Ill. 64; *Chicago* v. *Taylor,* 125 U. S. 161; *Harman* v. *City of Omaha,* 23 N. W. 503; *Henderson* v. *McLean,* 39 L. R. A. 345; *Smith* v. *Kansas City Ry. Co.,* 98 Mo. 20; *Sheedy* v. *Kansas City Cable Co.,* 94 Mo. 575; *Searles* v. *City of Lead,* 73 N. W. 101, 39 L. R. A. 345; *Brown* v. *City of Seattle,* 31 Pac. 313; *Lewis* v. *City of Seattle,* 32 Pac. 786; 6 A. & E. Ency. of Law, 544, Note 2; *Davis* v. *Mo. Pac.,* 119 Mo. 180, 24 S. W. 777, see authorities cited p. 779; *Hickman* v. *City of Kansas,* 120 Mo. 110, 23 L. R. A. 658, and cases cited; *Groff* v. *Philadelphia,* 150 Pa. 594; *New Brighton* v. *United Presby. Church,* 96 Pa. 331; *Wirth* v. *City of Spring-*

*field,* 78 Mo. 107 ; *City of Elgin* v. *Eaton,* 83 Ill. 535 ;*Bartlett*
v. *Tarrytown,* 52 Hun. (N. Y.) 38 ; *McCall* v. *Saratoga Spgs.,*
56 Hun. (N. Y.) 639, 121 N. Y. 704, affirming 29 N. Y. SR.
699 ; *In re Church of Our Lady of Mercy,* 22 N. Y. SR. 967,
10 N. Y. Supp. 683 ; *Ft. Worth* v. *Howard,* 3 Tex. Civ. App.
537, 22 S. W. 1059 ; *O'Brien* v. *Philadelphia,* 150 Pa. 589 ;
*Jones* v. *Borough of Bangor,* 144 Pa. St. 638 ; *City of Bloom-
ington* v. *Pollock,* 141 Ill. 351, 31 N. E. 146 ; *Blair* v. *Charles-
ton,* 35 L. R. A. 852.)

MR. COMMISSIONER CALLAWAY prepared the opin-
ion for the court.

By the common law municipal corporations were not held
liable for consequential damages resulting to property owners
by reason of changes in street grades. The municipal authori-
ties might change or alter the grades of public thoroughfares
at will, and the adjoining owners had no redress. It was con-
sidered that, public improvements being for the good of the
body politic, and always being in contemplation, the individual
purchased his city or town property charged with knowledge
that changes might be made as required by public necessity and
convenience. So, too, when one platted a townsite, and dedi-
cated certain portions thereof to the public for streets, he and
his grantees were presumed to contemplate the changes which
would necessarily result from public improvements. The rule
*damnum absque injuria* was held to apply to all such cases, un-
less the injury could be shown to have resulted from the negli-
gent or improper manner in which the work was done. Such
is the doctrine asserted in *Callender* v. *Marsh,* 1 Pick. 418, and
other cases cited by appellant.

The framers of our Constitution abrogated this harsh rule
by Section 14, Article III, which reads as follows : "Private
property shall not be taken or damaged for public use without
just compensation having first been made to, or paid into court
for the owner." It seems very clear to us that this section was

drafted in the broad language stated for the express purpose of preventing an unjust or arbitrary exercise of the power of eminent domain.    It overturns the doctrine that one owning city or town property must continually live in dread of the changing whims of successive boards of aldermen.    Constitutions which provide that "private property shall not be *taken* for public use without just compensation" are but declaratory of the common law, and contemplate the physical taking of property only. Under constitutions which provide that property shall not be "taken or damaged" it is universally held that "it is not necessary that there be any physical invasion of the individual's property for public use to entitle him to compensation." (*Root* v. *Butte, Anaconda & Pacific Ry. Co.,* 20 Mont. 354, 51 Pac. 155, and cases cited.)    The owner of a city lot has "a kind of property in the public street for the purpose of giving to such land facilities of light, of air, and of access from such street." (*Bohm* v. *Metropolitan El. Ry. Co.,* 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344.)    "These easements are property, protected by the constitution from being taken or damaged without just compensation." (*Root* v. *Butte, Anaconda & Pacific Ry. Co., supra; Chicago* v. *Taylor,* 125 U. S. 161, 8 Sup. Ct. 820, 31 L. Ed. 638; *Eachus* v. *Los Angeles Consol. El. Ry. Co.,* 103 Cal. 614, 37 Pac. 750, 42 Am. St. Rep. 149; *Rigney* v. *City of Chicago,* 102 Ill. 64; *Brown* v. *City of Seattle,* 5 Wash. 35, 31 Pac. 313; *Lewis* v. *City of Seattle,* 5 Wash. 741, 32 Pac. 794; *Hickman* v. *City of Kansas,* 120 Mo. 110, 25 S. W. 225, 23 L. R. A. 658, 41 Am. St. Rep. 684; *City of Fort Worth* v. *Howard,* 3 Tex. Civ. App. 537, 22 S. W. 1059; *Harmon* v. *City of Omaha,* 17 Neb. 548, 23 N. W. 503, 52 Am. Rep. 420; *Schaller* v. *City of Omaha,* 23 Neb. 325, 36 N. W. 533.)    Moreover, it may frequently occur that "the consequential damage may impose a more serious loss upon the owner than a temporary spoliation or invasion of the property." (*City of Atlanta* v. *Green,* 67 Ga. 386.)

But the appellant insists that it should not be held liable in this action for the reasons stated in its motion for a nonsuit.

The first point is that the appellant cannot be held liable because the grade complained of is "the first and only grade ever established on Broadway street." The constitution does not distinguish between the first grade and subsequent ones. It provides against the damage occasioned in either case. (*Searle* v. *City of Lead*, 10 South Dakota, 312, 73 N. W. 101, 39 L. R. A. 345; *City of Bloomington* v. *Pollock*, 141 Ill. 346, 31 N. E. 146; *Eachus* v. *Los Angeles Consol. El. Ry. Co.*, 103 Cal. 614, 37 Pac. 750, 42 Am. St. Rep. 149.) The mischief to be remedied may be greatest in the first instance. (*McCall* v. *Village of Saratoga Springs* (Sup.), 9 N. Y. Supp. 170; *Id.*, 121 N. Y. 704, 24 N. E. 1100.) The first grade of Broadway street was that provided by nature, and the alteration made by appellant was as much a change of grade as if the change had been made from a grade previously established by the authorities. (*Hendrick's Appeal*, 103 Pa. 358; *O'Brien* v. *Philadelphia*, 150 Pa. St. 589, 24 Atl. 1047, 30 Am. St. Rep. 832; *McCall* v. *Village of Saratoga Springs* (Sup.), 9 N. Y. Supp. 170; *Id.*, 121 N. Y. 704, 24 N. E. 1100; *Blair* v. *City of Charleston*, 43 West Va. 62, 26 S. E. 341, 35 L. R. A. 852, 64 Am. St. Rep. 837.)

As to whether the appellant is liable "under the laws (statutes) of Montana in force at the time" is wholly immaterial. Section 14, Article III, of the Constitution, is both mandatory and prohibitory. It is self-executing, and requires no legislation to rouse it from dormancy. (*Searle* v. *City of Lead*, 10 South Dakota, 312, 73 N. W. 101, 39 L. R. A. 345; *Hickman* v. *City of Kansas*, 120 Mo. 110, 25 S. W. 225, 23 L. R. A. 658, 41 Am. St. Rep. 684; *Harmon* v. *City of Omaha*, 17 Neb. 548, 23 N. W. 503, 52 Am. Rep. 420.)

While it is doubtless true that the constitution does not authorize a remedy for every diminution in the value of property which is caused by public improvement, the damages for which compensation is to be made being a damage to the property itself, and not including mere infringement of the owner's personal pleasure or enjoyment (*Eachus* v. *Los Angeles Consol.*

*El. Ry. Co., supra*), in the case at bar it is practically conceded that respondent is entitled to damages in the amount of the judgment rendered provided the appellant is liable at all.

We think the operation of this section of the constitution ought not to be restricted. The declarations of constitutions are placed therein to be obeyed, and are not to be "frittered away by construction." In *McElroy* v. *Kansas City* (C. C.), 21 Fed. 257, Mr. Justice Brewer, in passing upon a similar constitutional provision, said: "I think, too, in these days of enormous property aggregation, where the power of eminent domain is pressed to such an extent, and when the urgency of so-called public improvements rests as a constant menace upon the sacredness of private property, no duty is more imperative than that of the strict enforcement of these constitutional provisions intended to protect every man in the possession of his own. * * * Such constitutional guaranty needs no legislative support, and is beyond legislative destruction."

We are of the opinion that the judgment ought to be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.

(Submitted April 3, 1903.   Decided April 11, 1903.)

