STATE EX REL. CITY OF BUTTE, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,413.)

(Submitted February 13, 1914. Decided March 16, 1914.)

[139 Pac. 791.]

*Cities and Towns—Streets—Changing Grades—Damage to Property—Board of Appraisers—Appeal to District Court—Jurisdiction—Prohibition.*

Cities and Towns—Streets—Changing Grades—Board of Appraisers—Appeal to District Court—Jurisdiction.
1. *Held*, on application for writ of prohibition, that the operation of sections 3441-3446, Revised Codes, providing, *inter alia*, for a board of appraisers to report the damages accruing to a property owner because of the contemplated grading of a street, for an appeal from

their award, *etc.*, is restricted to cases where an established grade is about to be changed to a new and different one to the damage of the owner who has erected a building with reference to the grade as established, and that therefore the district court was without jurisdiction to entertain an appeal from an award of such a board where the damages complained of were the result of a change in the street from contour to established grade.

Same—Injury to Property—Compensation—Constitution.

2.   The right to compensation for damages to property occasioned by the grading of a street from contour to established grade is guaranteed by section 14, Article III, Constitution, declaring that just compensation must be made where private property is taken or damaged for public use.

[As to right of abutting owner to compensation for changing grade of street, see notes in 4 Am. St. Rep. 401; 43 Am. Dec. 723.]

Same—Appointment of Appraisers—When Improper.

3.   To warrant the appointment of a board of appraisers to assess the damages accruing to abutting property by reason of a change in the established grade of a street, it must, under section 3442, Revised Codes, appear that the city and the owner are unable to agree upon the amount of damages.

Original application by the state, on relation of the City of Butte, for writ of prohibition forbidding the District Court in and for Silver Bow County, and Hon. Jeremiah J. Lynch, a judge thereof, from further entertaining jurisdiction of proceedings for the assessment of damages to a property owner resulting from the grading of a street.   Writ granted.

*Messrs. Alexander Mackel, Wm. F. Davis,* and *N. A. Rotering,* for Relator, submitted a brief; *Mr. Rotering* argued the cause orally.

*Mr. E. B. Howell,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Such of the facts as we deem pertinent to the decision of this case are as follows: An ordinance of the city of Butte was passed and approved in January, 1913, establishing for the first time the grade of Emmett, Diamond, and other streets, and on March 5, 1913, a resolution was passed creating special improvement district No. 137 for the purpose, among others, of bringing these streets to the grade thus established.   A contract for this work was let in April, and sometime before June 12, 1913, three per-

sons were appointed as a board to appraise such damages as might accrue from the grading operations to the owners of property who had not signed written waivers. One of such owners was William Thomas. The report of this board was thereafter filed, and by it the damages to accrue to the property of Mr. Thomas were assessed, and he, being dissatisfied therewith, on July 7, 1913, filed his notice of appeal to the district court therefrom. The city by special appearance moved to dismiss the appeal upon the ground that the district court had acquired no jurisdiction of the parties or cause, which motion was by the court denied. Whereupon, on affidavits filed herein, reciting the foregoing and other facts, an alternative writ was issued out of this court, forbidding further proceedings by the district court pending the action of this court, and to this writ a motion to quash has been addressed.

The jurisdiction of the district court is assailed on a number of grounds, and a consideration of them all together, with the matters urged in resistance of them, would lead us very far afield. There stands, however, at the very threshold of the proceeding an obstacle so formidable that all the other questions raised become purely academic.

The cause came before the district court as an appeal from the [1] report of the appraisers under the provisions of sections 3441–3446, Revised Codes, and it does not fall within these provisions, according to the facts admitted of record. The operation of these sections, so far as it has to do with the appointment of appraisers, with an appraisement by them and with an appeal therefrom, is by section 3441 expressly restricted to those cases where a grade has been established by the corporate authority of the city or town, where a building has been erected with reference to such grade, where the grade is afterward changed, and where such change entails the raising or lowering of the building, to the damage of the owner. It is alleged by the relator, and admitted by the motion to quash, that there had been no change of established grade, but that the grading in question was to make the streets conform to the grade established; that whatever

change was made or contemplated was not from one established grade to another, but from contour to grade. It is undoubtedly [2] true that the right of the owner of property to redress for damages, in such a case as the facts here disclose, is guaranteed by the Constitution (Article III, sec. 14; *Less* v. *City of Butte,* 28 Mont. 27, 98 Am. St. Rep. 545, 61 L. R. A. 601, 72 Pac. 140), and the sections above referred to are an attempt to prescribe and to circumscribe the methods by which such redress may be obtained under certain circumstances. Such a statute is not to be construed to cover conditions to which it does not specifically refer; but as to all matters not within its provisions, the owner is left to pursue the general methods established by law for the assertion of rights and the redress of wrongs.

Moreover, when all the circumstances detailed in section 3441 [3] exist, the power of the city to appoint a board of appraisers and clothe it with any authority is made further to depend upon the inability of the city and the owner to agree. (Sec. 3442.) This, of course, implies some effort, and it does not appear that before the board was appointed any effort to agree was made by the city and Mr. Thomas, or that they were in fact unable to agree.

We must therefore hold that the board from whose action the appeal in question was attempted never had any legal existence, nor its report any binding authority; hence there was nothing to appeal from, and the district court is without jurisdiction.

A peremptory writ is directed to issue forthwith.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.