# Hobbs *v.* Shamokin Borough, Appellant.

*Road law—Change of grade of a street—Established grade—Natural grade—Appeals.*

In a proceeding against a borough to recover damages for an alleged change of grade of a street where it appears that there had been in fact a physical change of grade which left the plaintiff's house below the level of the street, and that the grade at which the houses had been built had remained the same for over thirty years, the presumption is that such grade was the established grade, or that the plaintiff had built at the natural level. Under such circumstances plaintiff is entitled to recover damages for the establishment of the grade at a different level. An appeal lies from the viewers to the Common Pleas.

*Road law—Change of grade—Laches.*

In a proceeding against a borough to recover damages for a change of grade, the defendant borough cannot set up laches on the part of the plaintiff, where there is nothing to show that there had been a change in the status of the parties under the belief that plaintiff did not intend to assert his rights; and that this change would inequitably accrue to the advantage of the plaintiff and the disadvantage of the defendant, or innocent third parties.

*Road law—Change of grade—Ordinance—Petition for viewers.*

In a change of grade proceeding against a borough, the defendant borough cannot complain in the appellate court that the ordinance was not attached to the petition for the appointment of viewer, where the record fails to show that this question was raised in the court below, but does show that the ordinance was introduced in evidence, was a part of the record, and that for purposes of review, as well as of trial, the pleadings were in such form that no harm could have come to the defendant by the omission.

*Change of grade—Boroughs—Ratification of acts of officers.*

In a change of grade proceedings against a borough the borough cannot defend because it had not authorized a change of grade, where it appears that the borough had delegated authority to its officers to construct a paving, that a change of grade had actually been made, and that the borough had accepted the work.

*Road law—Change of grade—Petition for change.*

In a change of grade proceedings against a borough, the defendant cannot claim that the plaintiff was estopped from proceeding

for damages because he had signed the petition for the change of grade, where there is nothing in the petition releasing the borough expressly or impliedly from the claim for damages resulting from the change of grade.

Submitted Oct. 27, 1916.   Appeal, No. 302, Oct. T., 1916, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1914, No. 41, on verdict for plaintiff in case of Isaac Hobbs v. Shamokin Borough.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Appeal from report of viewers.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $654.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*R. J. Glick* and *J. A. Welsh,* for appellant, cited: Devlin v. Philadelphia, 206 Pa. 518;  Moore v. City of Lancaster, 212 Pa. 642;  Edsall v. Jersey Shore Borough, 220 Pa. 591;  McKaeig v. Philadelphia, 53 Pa. Superior Ct. 591.

*John E. Jenkins, W. H. Unger* and *W. Lloyd Snyder,* for appellees, cited: New Brighton Borough v. United Presbyterian Church, 96 Pa. 331;  Hendrick's App., 103 Pa. 358;  McLain v. West Washington Borough, 31 Pa. Superior Ct. 471;  Jones v. Bangor Borough, 144 Pa. 638; Dunn v. Tarentum Borough, 23 Pa. Superior Ct. 332; Wilson v. Scranton, 141 Pa. 621.

OPINION BY WILLIAMS, J., March 13, 1917:

This was a proceeding to recover damages for an alleged change of grade.

In 1906 an ordinance was passed providing for the curbing and paving of Market street.   The appellee had

signed the petition therefor, which provided, inter alia, that "if it be necessary to change the grade on the said Market street in order to make good work of the paving, that they and each of them shall and will at his, her, their and each of their own proper expense, place a foot-walk up to the grade, and grade and curb in front of their and each of their properties without any cost to the borough." The ordinance contained, inter alia, the following stipulation: "The Chief Burgess and Committee on Street and Highways in conjunction with the Borough Surveyor shall superintend the work under the contract......"

The contract was duly let and the work completed in 1909. It is conceded by the appellant that there was a physical change of grade which left the plaintiff's houses from two to four feet below the level of the street.

Under its two assignments of error appellant contends:

1. That there is no evidence that the plaintiff's houses were erected according to the grade established by the borough.

As the grade had remained at the elevation at which the plaintiff built for over thirty years, the presumption, in the absence of evidence to the contrary, is that it was the established grade or that there was no established grade and that the plaintiff had built at the natural level. Under such circumstances the plaintiff would be entitled to damages for the establishment of the grade at a different level: Borough of New Brighton v. United Presbyterian Church, 96 Pa. 331; Hendrick's App., 103 Pa. 358.

2. That the plaintiff is barred by laches from prosecuting his claim.

An important element of laches is wholly lacking, viz: that there has been a change in the status of the parties under the belief that plaintiff did not intend to assert his right; and that this change would inequitably accrue to the advantage of the plaintiff and the disadvantage

of the defendant or innocent third parties: see Philadelphia & Reading Coal & Iron Co. v. Schmidt, 254 Pa. 351, 356.

3. That the ordinance was not attached to the petition for the appointment of viewers.

The record fails to show that this question was raised in the court below, but the ordinance was introduced in evidence, is now a part of the record, and, for the purposes of review, as well as of trial, the pleadings were in such form that no harm could come to the defendant by the omission.

4. That the borough had not authorized a change of grade and the ordinance did not authorize it.

The borough, having delegated the authority to its officers to construct the paving, provided for in the ordinance, according to specifications, cannot escape liability after the work, showing an admitted change of grade, has been accepted by the borough. Such an acceptance is a ratification of the acts of those authorized, and the borough is bound.

5. That the plaintiff, having signed the petition, was estopped from claiming damages.

There is nothing in the petition signed by the plaintiff releasing the borough expressly or impliedly from the claim for damages to his property resulting from the change of grade. This is essential to raise an estoppel by contract: Dunn v. Tarentum Borough, 23 Pa. Superior Ct. 332; Jones v. Borough of Bangor, 144 Pa. 638.

6. That the act of assembly did not authorize an appeal from the decision of the viewers to the Common Pleas.

This contention is not tenable. The Act of May 16, 1891, P. L. 75, expressly provides for the establishment and reëstablishment of grades for streets and alleys.

The cases cited by the appellant were decided under their peculiar facts and do not rule the present case. There was no knowledge here on the part of the plaintiff, nor any evidence of, an established grade.

The defendant was more favored in the trial of this case than it was entitled to expect. Benefits accruing to a property damaged are not general benefits common to the whole neighborhood, but must be some special advantage arising out of the improvement. The property owner, having paid his share of the cost of the improvement, is entitled to the general benefits arising therefrom: Greenawalt v. West Newton Borough, 64 Pa. Superior Ct. 576.

The inferences arising from the facts were such that the court below could not have given binding instructions for the defendant: Menner v. Delaware & Hudson Canal Co., 7 Pa. Superior Ct. 135, nor entered judgment n. o. v.

The judgment is affirmed.